IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

DAREN J. MOORE,

Plaintiff,

v.

PATRICK IRISH, *et al*,

Defendants.

Case No. 1:24-cv-00844-CL

**OPINION AND ORDER**

---

CLARKE, Magistrate Judge.

Plaintiff Daren Moore, a self-represented litigant, seeks to proceed *in forma pauperis* ("IFP") in this action against five named defendants. For the reasons below, this action is dismissed without prejudice and with leave to file a First Amended Complaint within thirty (30) days. Plaintiff's IFP application (#2) will be held in abeyance and reconsidered with the First Amended Complaint, if one is filed.

### DISCUSSION

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1).

Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). *Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefits of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

Here, the Court has reviewed Plaintiff's IFP paperwork and finds he is unable to pay the costs and fees associated with the filing; thus meeting the first determination. However, as currently pled, the Complaint fails to state a claim for relief. Plaintiff's Complaint (#1) is not complete. While Plaintiff lists the named defendants, the submitted form ends at Page 2, thus failing to allege any claims at all or provide any factual basis for the case. The second determination is therefore not met.

## ORDER

Plaintiff's Complaint is dismissed without prejudice and with leave to file an Amended Complaint within thirty (30) days. If Plaintiff fails to file an Amended Complaint, or fails to cure the deficiencies identified above, the case will be terminated. Plaintiff's IFP application and other motions will be held in abeyance and reconsidered along with the Amended Complaint, if any. DATED this __28th__ day of May, 2024.

/s/ Mark Clarke
MARK D. CLARKE
United States Magistrate Judge