IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

DAREN J. MOORE,                                    Case No. 1:24-cv-00844-CL

        Plaintiff,

           v.                                     **OPINION AND ORDER**

PATRICK IRISH, *et al*,

        Defendants.

_____

CLARKE, Magistrate Judge.

Plaintiff Daren Moore, a self-represented litigant, seeks to proceed *in forma pauperis* ("IFP") in this action against five named defendants, who are Oregon State Police Officers in Klamath Falls, Oregon. The Court has already dismissed Plaintiff's original Complaint (#1) and allowed Plaintiff to refile because the filing was incomplete. Plaintiff has now filed an Amended Complaint, which is also incomplete. For the reasons below, this action is once more dismissed without prejudice and with leave to file a Second Amended Complaint within thirty (30) days. Plaintiff's IFP application (#2) will be held in abeyance and reconsidered with the Second Amended Complaint, if one is filed. If Plaintiff fails to file a Second Amended Complaint, or fails to cure the deficiencies identified below, the case will be terminated.

## DISCUSSION

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. §

1915(a)(1), provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). *Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefits of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

Here, the Court has reviewed Plaintiff's IFP paperwork and finds he is unable to pay the costs and fees associated with the filing; thus meeting the first determination. However, as currently pled, the pleadings fail to state a claim for relief.

First, as discussed in the prior order, Plaintiff's Complaint (#1) is not complete. While Plaintiff lists the named defendants, the submitted form ends at Page 2, thus failing to allege any claims at all or provide any factual basis for the case. Under Local Rule 15-1, an amended or supplemental pleading may not incorporate by reference any part of the prior pleading. LR 15-1(a)(3). However, with his Amended Complaint, Plaintiff clearly intends to incorporate the original complaint, as the new pleading does not list any Defendants, or their addresses, nor does it include a case caption, or a civil coversheet. *See* LR 3-2(b), LR 15-1. In an effort to give

Plaintiff, a self-represented litigant, the benefit of every doubt, the Court will review both the original Complaint and the Amended, but in the future, Plaintiff must file one single pleading that conforms to the Local Rules by stating all of his claims and factual allegations, and names all defendants.

Read together, both pleadings (#1, #5), appear to suggest that Plaintiff was wrongfully arrested when Oregon State Police Officers took him into custody following a shooting. Plaintiff included the OSP Incident Report that states that on June 24, 2021, at approximately 3:36am, a report of shooting occurred at an address in Klamath Falls, Oregon. The report states:

> During the investigation, it was learned that a 59-year-old female was shot by a 56-year-old male. The female sustained non-life threatening injuries and was released. The 56-year-old male was located and lodged in the Klamath County Jail for Attempted Murder, Unlawful use of a Weapon, and Recklessly Endangering another Person.

Plaintiff alleges no factual allegations of his own. He draws a question mark on the page of the report that indicates that there was no warrant at the time of his arrest, and he circles the "Charge Date" on his list of charges, which shows that he was charged on July 19, 2021. Plaintiff lists the following claims, without explanation: 1) Perjury – grand jury. 2) Malicious prosecution. 3) False arrest and incarceration – 21 days in jail. 4) Failure to investigate properly. 5) False swearing. Plaintiff seek damages in the amount of $1.5 million per claim.

Plaintiff's pleadings, even taken together, fail to state a claim for relief. A complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

Here, in order to state a claim for relief for any of the claims on Plaintiff's list, alleging a lack of probable cause is the bare minimum. Based on the OSP Incident Report, officers believed that that Plaintiff shot and injured a 59-year-old woman in the early morning hours of June 24, 2021. Plaintiff has not alleged any facts whatsoever, but he has also failed to allege the specific facts to show that this belief was unreasonable or that it otherwise failed to give officers probable cause to arrest Plaintiff.

A complaint in federal court does not need to be complicated, and Plaintiff does not need to attach any exhibits to prove any of his claims. He simply needs to write out the words stating the factual allegations of what happened, and why the conduct of the officers in question was legally wrongful. This single filing must contain all the information that the Plaintiff wants the Court to consider, including a civil coversheet, the named defendants, and the claims and factual allegations that relate to each specific defendant, the harm suffered by the Plaintiff, and the relief requested.

## ORDER

Plaintiff's Amended Complaint (#5) is dismissed without prejudice and with leave to file a Second Amended Complaint within thirty (30) days. Plaintiff may file one request to extend this deadline, if necessary. If Plaintiff fails to file a Second Amended Complaint, or fails to cure the deficiencies identified above, the case will be terminated.

DATED this ___19___ day of July, 2024.

MARK D. CLARKE
United States Magistrate Judge